UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MOTISLA BEST,

                Plaintiff,

-against-

APPLE INC., MUSIC, T.V.; AMAZON MUZIC; AMAZON; AMAZON PRIME; PANDORA MUSIC; CARTOON NETWORK,

                Defendants.

20-CV-8870 (LLS)

ORDER OF DISMISSAL

---

LOUIS L. STANTON, United States District Judge:

    Plaintiff, appearing *pro se*, brings this action asserting "breach of cyber security" and the use of her family's names and likeness without consent or compensation. (ECF No. 2, at 2.) By order dated October 26, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff brings this action invoking the Court's federal question jurisdiction and asserting "breach of cyber security via [the] inter[net]." (ECF No. 2, at 2.) She claims that the names and likeness of her family members were used or stolen without "contractual obligations or consent," and she seeks in damages "monetary or shares or claim of assets in the business or professional positions." (*Id.*)

Plaintiff makes the following assertions in support of her claims. In 1987, she obtained her first Apple computer – a Macintosh. From 2003 to the present, Plaintiff's use of multiple Apple products has "unknowingly adding [] value and usership" to Apple. (*Id.* at 5.) In 2006, she purchased a desktop Apple computer from which she accessed an app for Apple Radio. Plaintiff's use of Apple Radio, coupled with her "musical gift," popularized Apple's products and musical platform leading to the introduction of iTunes. (*Id.* at 5-7.) Apple then issued its iPhone, and Plaintiff's "love for the innerworkings of the internet along with the functionality of the phones and apps led to updates, bug fixes[,] and []still to this day[,] the never ending popular usage of which is now called Apple Music." (*Id.* at 7.) Plaintiff's knowledge of music and musical artists "led to the overall monetary gains[,] popularity[,] [] credibility[,] value[,] and overall massive success of what we call Apple Inc., Music, and most recently Apple T.V." (*Id.*)

Plaintiff also had a similar popularizing effect on the Cartoon Network, Amazon Prime, Pandora, and Amazon Music. The Cartoon Network and Amazon Prime have used the likeness of her son and daughter, and depicted "characters and storyline[s] [] based on the reality of [Plaintiff's] family life and household." (*Id*. at 8) Plaintiff's "musical influence" has also added to the popularity of Pandora's and Amazon's musical platforms, to the point where Amazon Music's mouth logo is a "spot-on depiction of [Plaintiff's] mouth with that ultra/ruby red lips or at times[,] the hot pink fuscia lips[.]" (*Id*. at 9.)

Plaintiff also makes references to her and her minor son's introduction to modelling agencies at a young age, and how her son has popularized Apple apps geared towards young children.

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which she can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court, therefore, dismisses this action as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). All other pending matters in this action are terminated.

Plaintiff has consented to receive electronic service of Court filings. (ECF No. 3.)

SO ORDERED.

Dated:   October 29, 2020
         New York, New York

                                                    *Louis L. Stanton*
                                                    Louis L. Stanton
                                                    U.S.D.J.